STATE OF LOUISIANA
v.
RAY FAVORS
No. 2009 KA 0041.
Court of Appeals of Louisiana, First Circuit.
June 12, 2009.
Not Designated for Publication
J. PHIL HANEY, District Attorney, JEFFREY J. TROSCLAIR, Counsel for Plaintiff-Appellee, State of Louisiana.
JANE L. BEEBE, Counsel for Defendant-Appellant, Ray Favors.
Before: KUHN, GUIDRY, and GAIDRY, JJ.
KUHN, J.
Defendant, Ray Favors, was charged by bill of information with distribution of cocaine, a violation of La. R.S. 40:967(A)(1).[1] He pleaded not guilty. Following a trial by jury, defendant was convicted as charged. The trial court sentenced defendant to imprisonment at hard labor for thirty years and a fine of $25,000. Subsequently, the State filed a multiple offender bill of information seeking to have defendant adjudicated and sentenced under La. R.S. 15:529.1. Defendant denied the allegations contained in the multiple offender bill. At the conclusion of a multiple offender hearing, defendant was adjudicated a habitual felony offender. The sentence previously imposed was vacated and defendant was resentenced to imprisonment at hard labor for "thirty years to life." In response to an application for post-conviction relief by defendant, the trial court noted that the enhanced sentence was indeterminate. The trial court vacated this sentence and resentenced defendant to "thirty years" under La. R.S. 15:529.1. Defendant now appeals, urging in a single assignment of error that the trial court erred in adjudicating him to be a fifth-felony habitual offender. We affirm the conviction and enhanced sentence.

FACTS
On June 4, 1999, in connection with an undercover operation targeting street-level drug dealers, Officer Hubert Augustine, of the Breaux Bridge City Police Department, purchased a $20.00 piece of crack cocaine from an individual subsequently identified as defendant. Using an audio monitoring device, officers Daniel Declouet and Gary Stevenson of the Patterson Police Department monitored the entire transaction. The cocaine was turned over to the Patterson Police Department officers and a warrant was obtained for defendant's arrest. Defendant subsequently was arrested.

HABITUAL OFFENDER ADJUDICATION
In his sole assignment of error, defendant claims the trial court erred in the habitual offender proceedings by allowing all of the alleged predicates to be used to enhance the instant offense. Specifically, he contends that because the date of commission of the instant offense, June 4, 1999, was prior to his conviction for the first predicate offense relied upon by the state, he could not be adjudicated a fifthfelony offender.
In this case, the predicate felonies relied upon by the state were (1) a felony conviction for possession with intent to distribute marijuana on May 31, 2000, in the Fourteenth Judicial District Court, Calcasieu Parish, case number 6522-00; (2) a felony conviction for simple burglary on November 30, 1987, in the Sixteenth Judicial District Court, St. Mary Parish, case number 123,723; (3) a felony conviction for attempted simple burglary on May 15, 1987, in the Sixteenth Judicial District Court, St. Mary Parish, case number 122,555; and (4) a felony conviction for simple burglary on July 23, 1980, in the Sixteenth Judicial District Court, St. Mary Parish, case number 107,435.
The first predicate alleged in the multiple offender bill of information involves a conviction on May 31, 2000, for an offense that occurred on February 16, 2000. The enhanced offense in this case, which occurred on June 4, 1999, predated not only the conviction in the first alleged predicate, but also the commission of the offense in that particular predicate. The enhanced offense occurred over eight months prior to the commission of the offense alleged in predicate one. Therefore, the conviction in the Fourteenth Judicial District Court case number 6522-00 cannot be used in the tabulation of the defendant's previous felonies for purposes of the habitual offender act. See State v. Johnson, 2003-2993, p. 18 (La. 10/19/04), 884 So.2d 568, 578 (for sentencing enhancement purposes, the subsequent felony must have been committed after the predicate conviction or convictions). Thus, defendant could not have been legally adjudged a fifth-felony offender by counting that predicate conviction.
Our review of the record reveals that the trial court did not state a numerical designation in connection with the habitual offender adjudication. After receiving evidence regarding the four alleged predicates, the trial court simply vacated the previously imposed sentence and resentenced defendant pursuant to La. R.S. 15:529.1. On resentencing, the trial court noted only that defendant was adjudicated "a multiple offender with a long criminal history."

DECREE
The record lacks a basis for concluding defendant is a fifth-felony offender, but his status as a fourth-felony habitual offender was established beyond a reasonable doubt. Because the penalty for a "fourth or subsequent" felony offender is the same under the habitual offender statute, the enhanced sentence is affirmed.[2]
CONVICTION FOR DISTRIBUTION OF COCAINE AFFIRMED; THE ENHANCED SENTENCE AFFIRMED.
NOTES
[1] The bill of information originally charged three counts of distribution of cocaine, but defendant was tried on only one count.
[2] Any error in considering the invalid predicate conviction was of no consequence since an enhanced sentence would be the same for a fourth or a fifth-felony habitual offender.